FILED
United States Court of Appeals
Tenth Circuit

May 6, 2021

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

EDWARD KEITH DEMBRY,

Petitioner - Appellant,

v.

DON HUDSON, Warden, USP
Leavenworth,

Respondent - Appellee.

No. 21-3016
(D.C. No. 5:20-CV-03279-JWL)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.[**]
_____

Proceeding pro se, Petitioner Edward Dembry filed a 28 U.S.C. § 2241 petition

in the District of Kansas. This application is one of a series of collateral attacks

Dembry has filed on his conviction, including at least three § 2255 applications; a rule

60(b) motion, which was construed as an unauthorized second or successive § 2255

application; a Motion for Audita Querela, which was again construed as a § 2255

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

motion; six § 2241 applications raising § 2255 claims; and many appeals therefrom. All of Dembry's attempts to obtain post-conviction relief have been unsuccessful.

In the present petition, Dembry raises many of the same claims he raised in his prior collateral attacks. Specifically, he argues the sentencing court misclassified him as an armed career criminal and thereby erroneously enhanced his sentence under 18 U.S.C. § 924(e). He also argues he is actually innocent in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In a well-reasoned order, the district court competently explained why Dembry's claims properly arise under 28 U.S.C. § 2255. Because Dembry did not show § 2255 is inadequate or ineffective, the court correctly declined to consider the merits of his claims and dismissed the petition.

For the purpose of resolving this appeal, we have thoroughly reviewed the district court record and Dembry's appellate brief. We discern no reversible error. Where the district court accurately analyzes an issue, we see no useful purpose in writing at length. Therefore, exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM for substantially the same reasons set forth in the district court's order dismissing Dembry's § 2241 petition. Dembry's motion to proceed in forma pauperis is GRANTED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

2